UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LEATHA ADAMS

                Plaintiff

    -against-

QUALITY KING DISTRIBUTORS INCORPORATED

                Defendant

**Docket #23-cv-01145(GRB)(ST)**

**AMENDED COMPLAINT and DEMAND FOR JURY TRIAL**

---

Plaintiff Leatha Adams, by and through her attorneys, Ferguson and Associates, by David R. Ferguson, Esq. as and for her complaint against the Defendant alleges as follows:

### NATURE OF ACTION

This an action to redress various violations of the rights of the Plaintiff by both the Defendant, Quality Kings Distributors Inc. and one of its former employees, Juan Bonilla. It being alleged by the Plaintiff that Juan Bonilla, while employed by the Defendant, falsely and illegally used the social security number of the Plaintiff for a period of approximately eleven (11) years. And that during this period of Juan Bonilla's employment with the Defendant, the Defendant knew or should have known that the social security number utilized by employee Juan Bonilla was not his social security number but was that of another individual. The defendant was negligent in its retention of Juan Bonilla for a period in excess of 11 years. That the theft and misuse of the Plaintiff's identity together with the negligent retention of Juan Bonilla as an employee by the Defendant occurred during his employment with the Defendant and on the premises owned and operated by the Defendant and its agents and employees.Plaintiff seek

1

compensatory damages mental distress. She also seeks liquidated damages, and seeks damages for the failure of the Defendant to make the appropriate inquiry of its employee, Juan Bonilla, regarding the fraudulent use of the Plaintiff's social security number concurrent with Defendant's failure to take remedial action together with attorney's fees and costs.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by U.S.C. Section 1332 (a) (1)

2. Venue is appropriate in the United State District Court for the Eastern District of New York, in that the Defendant, a New York Corporation has its principal place of business at 35 Sawgrass Drive, Suite 1, Bellport, New York 11713 and that the events that gave rise to this complaint occurred in this district, 28 U.S.C. Section 1391(b).

3. At all times relevant to this action, the Plaintiff Leatha Adams was and is a citizen and resident of Town of Stockbridge, State of Georgia, 803 McCullough Road, Stockbridge, Georgia 30281. (Diversity of Jurisdiction)

## PARTIES

4. Plaintiff Leatha Adams is a resident of the State of Georgia, Town of Stockbridge with a residence at 803 McCollough Road, Stockbridge, Georgia 30281.

5. The Plaintiff was born on February 8, 1965, and was given social security number xxx-xx-6184 by the Social Security Administration. Plaintiff is a black female.

6. The Plaintiff has never been employed at the defendant, Quality King Distributors Inc. at 35 Sawgrass Drive, Suite 1, Bellport, New York 11713.

7. Upon information and belief, Defendant is a domestic corporation duly organized under the laws of the State of New York. The Defendant is a national and regional distributor that markets, distributes supplies to retail drug stores, supermarkets, wholesale entities, C-Store suppliers and E-Commerce suppliers. The Defendant employs between 500-1000 people.

8. At all times relevant to this action the Defendant employed Juan Bonilla from March 2011 until his resignation in November 2021. Upon information and belief, Juan Bonilla was employed at the Defendant's address at 35 Sawgrass Drive 1, Bellport, New York 11713.

## BACKGROUND FACTS (SSA and W-2's)

9. Each year, employers must send Copy A of Forms W-2 (Wage and Tax Statement) to the Social Security Administration in order to report the wages and taxes of its employees for the previous calendar year. By law, the employer must enter a correct social security number on each employee's W-2 form to report their taxable income for the year. After getting the W-2 from the employer, the Social Security Administration transmits the federal tax information to the IRS.

10. After receiving the W-2 from the employer, the SSA compiles a yearly earnings record for the employee. Before compiling the earnings data to an individual employee's

earnings record, the SSA verifies that the name and SSN on the W-2 match information in its Numerical Identification (Numident) file. Records in the Numident are established when an individual applies for an SSN by filling out an SS-5 form. SSA enters information from the SS-5 into the Numident file, which contains each person's name, SSN, sex, self-reported race, birth date, and place of birth. In order for the employee's earnings on the W-2 to be accurately credited to his earnings record with the SSA, the combination of the name and SSN on Form W-2 must be matched to the Numident.

11. If the name and SSN do not match, even after SSA has performed its computer matching routines, the wages can not be credited to the individual's account. Instead, the earnings are placed in the Earnings Suspense File (ESF). The ESF retains unposted items until they can be correctly assigned and placed in the employee's earnings record with a valid name and SSN. The SSA performs additional operations annually to further attempt to match earnings to individual employee's records. To ensure that employees have an opportunity to correct any discrepancies in their earnings records, SSA sends letters to all employees whose names and SSNs can not be matched. The SSA also notifies employers if they send in reports containing one or more mismatches.

12. The SSA's mismatch letter explains that employees' names and social security numbers (SSN) reported on the employer's Wage and Tax Statements (Forms W-2) do not match the SSA's records. The letter notes that if the data does not match, the SSA will not be able to credit the proper account with the payments. The letter outlines corrective steps for employers, including checking for typographical errors, incomplete submissions, or name changes. The letter also cautions employers that the mismatch letter is not in and of itself a basis for taking any adverse action against an employee and that taking adverse action because of the letter alone may violate federal or state law.

13. The letter suggests that the employer check for simple errors in the W-2 and if there are none, to ask the employee to check his or her SSN and notify the employer of the correct number. If these steps do not resolve the issue, the letter instructs the employer to have the employee contact any Social Security office to resolve the issue and inform the employer of any corrections that need to be made. The employer is instructed to provide correct information to the SSA within 60 days.

14. If the employee does not provide documentation to the employer regarding the accuracy of his SSN, the employer can utilize the Social Security Number Verification Service. The Social Security Administration provides this online service that employers can use to match a new employee's name and Social Security number with the SSA's records, called the Social Security Number Verification Service, or SSNVS. The purpose of the system is to verify a new employee's identity and ensure that IRS tax forms, such as a W-2, are completed accurately. The employer will receive immediate results regarding the accuracy of the SSN and the individual assigned to it.

## FACTS.

15. In March of 2011, Juan Bonilla was hired by the Defendant to work at the business located at 35 Sawgrass Drive, Suite 1, Bellport, New York 11713. At the time of his hire, Juan Bonilla produced documents supporting his employment eligibility. Additionally he provided a social security card with the last four numbers being xxx-xx-6184.

16. In November of 2021, Juan Bonilla resigned from his job with the Defendant.

17. During the period from March 2011 through November 2021, the Defendant annually prepared W-2's for Juan Bonilla and presumably provided copies of the W-2's to both Juan Bonilla and the Social Security Administration.

18. The social security number utilized by Juan Bonilla while employed by the Defendant belonged to the Plaintiff, Leatha Adams.

19. Upon information and belief, at all times hereinafter mentioned, Plaintiff, Leatha Adams was a resident of the State of Georgia, Town of Stockbridge with a residence at 803 McCollough Road, Stockbridge, Georgia 30281.

20. The Plaintiff was born on February 8, 1965, and was given social security number xxx-xx-6184 by the Social Security Administration.

21. The Plaintiff has never been employed at the Defendant, Quality King Distributors Inc. at 35 Sawgrass Drive, Suite 1, Bellport, New York 11713.

22. That in November of 2021, the Plaintiff as in accord with the rules and regulation of the State of Georgia and the United States of America, completed the recertification forms that would permit her to continue to receive disability, medicaid and SNAP benefits.

23. The Plaintiff's recertification application was denied in that the Plaintiff was told by the Henry County services officials and the State of Georgia officials that their records showed that she had worked during the calendar year of 2021.

24. As a result, the Plaintiff's case was closed and she was denied the benefits of disability, medicaid and SNAP benefits.

25. The Plaintiff immediately contacted the Social Security Administration who informed the Plaintiff that her social security number ending in 6184 was used by a person named Juan

Carlos Bonilla and that said person was employed at the Defendant,Quality King Distributors Inc. during the period of March 2011 through November 2021, in which he utilized the social security number of the Plaintiff. In addition the Social Security Administration informed the Plaintiff that there were no earnings records under her social security number for the tax years of 2011 through 2021.

26.   The Plaintiff also contacted  the Internal Revenue Service who told the Plaintiff that no U.S tax returns were filed for the tax years 2011 through 2021 under the social security number ending in xxx-xx-6184.

27.   The Plaintiff contacted the defendant,Quality King Distributors Inc. and requested information about the employee Juan Carlos Bonilla. In a letter from Quality King Distributors Inc., dated December 14, 2021,

28. Upon credible information and brief, at no time during his employment at Quality King Distributors Inc. did the Defendant request of Juan Bonilla to verify the accuracy of the social security number he provided in order to obtain employment with the Defendant.

29. Additionally at no time during Juan Bonilla's employment with Quality King Distributors Inc. did the Defendant seek independently to verify the accuracy of the social security number provided by Juan Bonilla.

30. At no time during the entire period Juan Bonilla was employed with Quality King Distributors Inc. did the Defendant utilize the Social Security Number Verification Service in order to verify and match employee's name and Social Security number with the SSA's records.

31. Based upon the above the Defendant did not take the proper action and did not avail itself of the many options available to it to insure the accuracy of the social security number presented to it by Juan Bonilla to obtain employment. The defendant knew or should have known that the social security number ending in 6184 belonged to Leatha Adams and thus should have resulted in the immediate termination of Juan Bonolla's employment with the defendant.

32. Lastly, the theft and the illegal and fraudulent use of the Plaintiff's identity by Juan Bonilla occurred while he was employed with the Defendant and in furtherance of the scope of his employment. Additionally, the harm to the Plaintiff could not have occurred save for the negligence of the Defendant/Employer in not promptly and independently verifying the accuracy of Juan Bonilla social security number,  which among other things, allowed Juan Bonilla to continue to use the social security number of  Leatha Adams and thus continue his employment with the defendant for 11 years.

## AS AND FOR A FIRST CAUSE OF ACTION/NEGLIGENT RETENTION

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 as if fully set forth and alleged herein .

34. During the period he unlawfully utilized the social security of Leatha Adams, Juan Bonilla was employed with the Defendant. That all acts complained and committed by Juan Bonilla was done in the course and in furtherance of his employment with the Defendant. Lastly, all acts complained and committed by Juan Bonilla were committed on the premises owned and operated by the Defendant.

35. The Defendant was placed on notice by the SSA that something was amiss with the social security number provided by Juan Bonilla. That despite having been placed on

8

notice, that the social security number produced by Juan Bonilla to gain employment with the Defendant, did not belong to him, the Defendant failed to take action to either verify the social security number, failed to request of Juan Bonilla to provide further documents regarding his social security number and failed to discipline or terminate Juan Bonilla.

36. The failure of the Defendant to remediate, correct, discipline or terminate Juan Bonilla, resulted in Juan Bonilla  continuing to use the social security number of the Plaintiff which resulted in damages and harm to the Plaintiff. The Defendant had a duty to Plaintiff and others to insure that those working for them were not unlawfully using the social security numbers of others.

37. The Defendant knew or should have known that Juan Bonilla was using a social security number that did not belong to him, and failed to take corrective actions to prevent harm to others. The harm that was caused to Plaintiff was directly caused by the negligent retention of Juan Bonilla in his employment with the defendant.

## AS AND FOR A SECOND CAUSE OF ACTION/IDENTITY THEFT

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 as if fully set forth and alleged herein .

39. The Plaintiff alleges that all acts committed by Juan Bonilla regarding the theft and illegal use of her social security number occurred while he was employed by the Defendant and done within the scope of his employment. Additionally, the failure of the defendant to either request further documents from Juan Bonilla regarding the social security number utilized by him to gain employment or in the alternative the failure of the Defendant to discipline or terminate Juan Bonilla resulted in Jaun Bonilla continuing

to work for Defendant for a period of 11 years . Under a respondeat superior theory, the Defendant should be vicariously liable for the identity theft allegedly perpetrated by one of its employees, who but for the negligence of the employer in not timely verifying the social security number presented by the employer and not terminating the employee when it was determined that the social security number utilized by him during his employment belonged to another, was permitted to continue to use the pirated social security number and work for the Defendant for 11 years. The fraudulent use of the Plaintiff SSN was foreseeable by the Defendant and done in accord with his employment.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, the Plaintiff requests this Court to award her the following relief;

1. That she be granted a trial by jury in this matter

2. Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law.

3. That she be awarded compensatory damages for humiliation, damage to reputation, mental and emotional, pain and suffering.

4. That she be awarded punitive damages if the Defendant's conduct is so deliberately and consciously negligent that it qualifies as "willful and wanton" on each cause of action.

5. That she be awarded costs and reasonable attorney fees accrued in this action.

6.  That she be awarded such other and further relief as the Court deems just,

proper and equitable.

Dated: July 13, 2023

Attorney for Plaintiff
Ferguson and Associates
David R. Ferguson, Esq.
305 Broadway Suite 1100
New York, New York 10007
212-219-1001
fergusndlaw@aol.com

11