UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LEATHA ADAMS,

                Plaintiff,

    -against-

QUALITY KING DISTRIBUTORS
INCORPORATED,

                Defendant.
-----------------------------------------------------------------X

FILED
CLERK
4:24 pm, Mar 27, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM OF DECISION & ORDER**
CV 23-1145 (GRB)(ST)

**GARY R. BROWN, United States District Judge:**

    Plaintiff Leatha Adams has brought suit against defendant Quality King Distributors Incorporated for (1) negligent retention and (2) identify theft on the basis that defendant's employee Juan Bonilla allegedly stole and improperly used her social security number during the course of his employment with defendant. Defendant now moves to dismiss the amended complaint. For the following reasons, that motion is GRANTED.

    ***Background***

    *Factual Allegations*

    The following allegations are simple and are taken from plaintiff's amended complaint, Docket Entry ("DE") 15 ("AC"), which are presumed to be true for the purpose of the present motion. *See Agostisi v. Bendo*, No. CV-21-7182 (GRB)(LGD), 2023 WL 5334396, at *1 (E.D.N.Y. Aug. 18, 2023). Plaintiff is a 59-year-old woman who resides in Georgia and receives disability, Medicaid, and SNAP benefits. AC ¶¶ 4, 5, 22. She has had no connection with Bonilla, defendant, or even New York. *Id.* ¶ 27. Yet, in November 2021, plaintiff was informed (through the denial of benefits) that her social security number was used by Bonilla in New York during his employment with defendant Quality King. *Id.* ¶¶ 23-25. Plaintiff then contacted defendant seeking

1

information concerning Bonilla. *Id.* And when defendant confronted Bonilla with this information, he resigned and his current whereabouts are unknown.[1] *See id.* ¶ 25.

Plaintiff alleges that Bonilla improperly used her social security number in connection with his employment with defendant between 2011 and 2021. *Id.* And during that period, defendant allegedly failed to verify the accuracy of Bonilla's purported social security number. *Id.* ¶¶ 28-31. As such, plaintiff claims, the defendant "knew or should have known" that the social security number used by Bonilla for eleven years belonged to plaintiff but ultimately took no corrective action, such as terminating Bonilla. *Id.* ¶¶ 31-32.

*Procedural History*

The defendant removed this action from Suffolk County Supreme Court on February 10, 2023. DE 1. The complaint at the time alleged: (1) negligent unlawful hiring; and (2) identify theft. *See generally* DE 1-2. On June 15, 2023, this Court held a pre-motion conference addressing defendant's anticipated motion to dismiss. DE 13. At the conference, where the Court heard oral argument based upon the parties' written submissions, the Court deemed defendant's motion made and granted it, dismissing the complaint without prejudice. *See generally* DE 13; DE 14. Specifically, the Court dismissed the identity theft claim because "there doesn't appear to be any authority that there's a common law or statutory cause of action as to this particular set of facts being an identity theft claim." DE 14 at 10. Additionally, the Court dismissed the negligent unlawful hiring claim because the complaint failed to sufficiently allege that the defendant "knew or should have known that the employee's propensity for the conduct would cause the injury prior to the injury's occurrence." *Id.* at 11.

---

[1] DE 14 at 3 (plaintiff's counsel informing the Court that Bonilla's whereabouts are unknown, noting, "He disappeared").

Soon thereafter, plaintiff amended her complaint, which bears a striking resemblance to the originally dismissed complaint, realleging identify theft and negligent retention. *See generally* DE 15. Once again, the Court held a pre-motion conference at which the Court ordered the parties to fully brief defendant's motion to dismiss. *See* DE 19.

This opinion follows.

**Discussion**

*Standard of Review*

Motions to dismiss are decided under the well-established standard of review for such matters, as discussed in *Toure v. Air France*, No. 21-CV-1645 (GRB)(ST), 2022 WL 4079592, at *1 (E.D.N.Y. Sept. 6, 2022), and incorporated by reference herein. The gravamen of that standard, of course, is the question of whether, assuming the allegations of the complaint to be true solely for the purposes of the motion, the complaint sets forth factual material to render the claims plausible. *See id.*

*Sufficiency of the Allegations*

Defendant argues that plaintiff's claims for negligent hiring and identity theft should be dismissed because both causes of action require plaintiff to sufficiently allege that Bonilla, as an employee of defendant, committed identity theft, which plaintiff has failed to do. Defendant is correct.

"A defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others." *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (citation omitted). Before a plaintiff can establish a *prima facie* case for negligent hiring, she must first show, as a threshold matter, that the "defendant's employee is individually liable for a tort." *Fiedler v. Incandela*, 222 F. Supp. 3d 141, 169 (E.D.N.Y. 2016) (citations omitted). Similarly, to

establish vicarious liability on behalf of an employer, a plaintiff must first sufficiently allege that the employee committed a tort for which the employer is responsible. *A.W. by E.W. v. New York Dep't of Educ.*, No. 19-CV-7011 (MKB), 2023 WL 7485182, at *3 (E.D.N.Y. Nov. 13, 2023) (citations omitted). Here, plaintiff alleges that Bonilla committed identity theft for which she seeks to hold defendant liable under both causes of action. AC ¶ 32.

The Second Circuit has made clear that "not all identity theft is actionable under New York Law. The law authorizes a civil action only if the identity theft 'resulted in the transmission or provision to a consumer reporting agency of information that would otherwise not have been transmitted or provided.'" *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 442 (2d Cir. 2015) (quoting N.Y. GEN. BUS. L. § 380–l). And where allegations fail to allege such transmission or provision to a consumer reporting agency, the claim must be dismissed. *Id.* ("Courts dismiss claims for Section 380-s violations where they do not involve credit reporting or do not appear to fall within the intended scope of the section.") (collecting cases); *Prignoli v. Bruczynski*, No. 20-CV-907 (MKB), 2021 WL 4443895, at *9 (E.D.N.Y. Sept. 28, 2021) (dismissing plaintiff's New York GBL § 380-s claim where alleged identity theft did not "implicate credit reporting, as is required").

Plaintiff, however, has failed to sufficiently allege that Bonilla committed identity theft as an underlying tort for both the negligent hiring and identity theft claims. Specifically, plaintiff has failed to allege that Bonilla's purported illegal use of her social security number resulted in any transmission or provision to a consumer reporting agency. *See* AC ¶ 32. Nor has plaintiff alleged that Bonilla committed any *other* tort or wrongdoing. *See generally* AC. Moreover, this Court has already informed plaintiff of her inability to identify a cause of action for identity theft under common law, statute, or otherwise *See* DE 14 at 10 (dismissing plaintiff's identity theft claim

4

because "there doesn't appear to be any authority that there's a common law or statutory cause of action as to this particular set of facts being an identity theft claim"). To be sure, despite several opportunities, plaintiff has failed to provide any case law, statute, or authority that supports a showing for the existence of a claim for identity theft under these circumstances.[2] *See, e.g.*, DE 27 at 1.

Accordingly, plaintiff has failed to sufficiently state claims for negligent hiring and identity theft, defendant's motion is GRANTED, and those claims are DISMISSED.

*Conclusion*

Based on the foregoing, defendant's motion to dismiss is GRANTED and the complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is respectfully directed to enter judgment accordingly and CLOSE the case.

**SO ORDERED.**

Dated: March 27, 2024
      Central Islip, New York

                                               /s/ Gary R. Brown
                                               GARY R. BROWN
                                               United States District Judge

---

[2] Notably, the Office of the New York State Attorney General identifies two state civil statutes under which victims of identity theft may seek relief from alleged wrongdoers: NY GBL § 380-s and § 380-l. OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL, *Victims of Identity Theft and Fraud Offenses State Statutes*, https://ag.ny.gov/victims-identity-theft-and-fraud-offenses-state-statutes (last visited Mar. 11, 2024) [https://perma.cc/8VF8-2FQQ]. Both statutes, however, require a connection to a credit reporting agency. *See id.*

5